Matter of Attorneys In Violation of Judiciary Law § 468-a. (Katz) (2018 NY Slip Op 08232)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Katz)


2018 NY Slip Op 08232


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; STACEY LYNN KATZ, Respondent. (Attorney Registration No. 2332120)

Calendar Date: October 22, 2018

Before: Garry, P.J., McCarthy, Lynch, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Emery Celli Brinckerhoff & Abady LLP, New York City (Hal R. Lieberman of counsel), for respondent.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1990. She was admitted to practice the previous year in Indiana, where she now lists a business address with the Office of Court Administration. By January 2014 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (Matter of Attorneys in Violation of Judiciary Law § 468, 113 AD3d 1020, 1051 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now seeks her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). The Lawyers Fund for Client Protection indicates that it has no objection to respondent's application, and petitioner advises that it defers to the Court's discretion with respect to respondent's application.
Given the length of her suspension, respondent properly submits a sworn copy of the form affidavit applicable to attorneys suspended for longer than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Freedman], ___ AD3d ___, 2018 NY [*2]Slip Op 07401 [2018]). Office of Court Administration records demonstrate that respondent has cured the delinquency that resulted in her suspension and that she is current with her biennial registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Respondent also provides proof that she successfully completed the Multistate Professional Responsibility Examination in August 2018, as is required for attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Moreover, having reviewed respondent's affidavit and petitioner's correspondence in response, we are satisfied that she has complied with the order of suspension and the rules of this Court, that she has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate her to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Freedman], supra; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we grant respondent's motion.
Garry, P.J., McCarthy, Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.